UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARLANDUS M. NOLEN,

    Petitioner,

                                                                  Case No. 2:07-cv-169

v

                                                                  Hon. Wendell A. Miles

GERALD HOFBAUER,

    Respondent.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On October 10, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that Arlandus M. Nolen's petition for writ of habeas corpus be denied as time-barred. Petitioner has filed objections to the R & R. The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, and having considered petitioner's objections, agrees with the recommended disposition contained in the R & R. Judgment will therefore be entered accordingly.

**Discussion**

In his objections, petitioner argues that the court should consider his claims on the merits because he has asserted a claim of actual innocence. Although petitioner concedes that he is not entitled to equitable tolling, he argues that based on his claim of actual innocence, he should be permitted to "pass through the gateway" pursuant to Souter v. Jones, 395 F.3d 577 (6th Cir.

2005).  In Souter, the court held that

> Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.

Id. at 602.

The Magistrate Judge correctly concluded that the petition is time-barred, a conclusion to which petitioner has not objected.  However, it is unclear why petitioner relies on Souter, an equitable tolling case, insofar as petitioner concedes that he is not entitled to equitable tolling.  See Souter, 395 F.3d at 602 ("we believe equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate"); Response to Report and Recommendation (doc. no. 5) at 2-3 ("Petitioner agrees . . . that he is not entitled to equitable tolling, but disagree [sic] that his petition lack [sic] merit").

The Supreme Court has assumed, without expressly deciding, the availability of equitable tolling under the AEDPA.  See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  It is this standard, and not that of Souter, which this court concludes applies to any claim for equitable tolling of the AEDPA's limitations period.  See United States v. Yoon, 398 F.3d 802, 806 (6th Cir. 2005) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court

sitting en banc overrules the prior decision") (citation omitted).[1]

Petitioner has by no means shown either that he has been pursuing his rights diligently or that some extraordinary circumstance prevented him from timely seeking federal relief. Moreover, even under Sixth Circuit case law, "[e]quitable tolling for actual innocence remains an important, though 'extraordinary' remedy" that the court has "refuse[d] to provide in a less-than-extraordinary case[.]" McCray v. Vasbinder, 499 F.3d 568, 577 (6th Cir. 2007) (citation omitted).  Here, petitioner has already served approximately 10 years of a 15-year sentence, and now contends that he has alibi witnesses, of whom he should have been long aware.  Even if equitable tolling is ever justified in a case filed under the AEDPA, this is not such an extraordinary case.

## Conclusion

IT IS HEREBY ORDERED that the R & R of the Magistrate Judge is approved and adopted as the decision of the court.  The petition will be dismissed with prejudice.

IT IS FURTHER ORDERED, for the reasons stated in the R & R and adopted by the court, that a certificate of appealability is DENIED as to each issue raised in the petition.

Entered this 29th day of January, 2008.

   /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[1] Although the Supreme Court has recognized a "gateway claim" in the event of a procedural default, House v. Bell, 126 S.Ct. 2064, 2076-2077 (2006), it has not recognized the availability of such a claim as a basis to excuse a time-barred petition.